IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD PERGANDE,

        Plaintiff,               6:11-cv-00683-TC

        v.                         FINDINGS AND RECOMMENDATION

DOUGLAS R. OLSEN, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff is an inmate in the custody of the Oregon Department of Corrections. On July 18, 2011, plaintiff filed an Amended Complaint (#10-1) alleging violations of his constitutional rights while he was incarcerated in the Umatilla County Jail. On September 20, 2011, plaintiff's request for a stay of proceedings was allowed by the court's Order (#15). This matter was stayed until January 1, 2012.

    Defendants were allowed several extensions of time to

1 - FINDINGS AND RECOMMENDATION

answer plaintiff's Amended Complaint. On November 2, 2012, defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (#72). The matter was set to be taken under advisement by the court on December 10, 2012. Plaintiff did not file a response to defendants' motion. By Order (#77) entered January 23, 2013, plaintiff was ordered to show cause in writing by February 22, 2013, why his Amended Complaint should not be dismissed for the reasons set forth in defendants' Memorandum in Support of Motion to Dismiss (#73). Plaintiff was advised that failure to show cause as directed by the court's order would result in the dismissal of this action for the reasons set forth in defendants' memorandum and for failure to prosecute.

Plaintiff has not filed a response to defendants' Motion to Dismiss or to the court's order to show cause, or requested an extension of time to do so. Plaintiff has not filed any documents or otherwise contacted the court since he filed returns of service on June 13, 2012.

Therefore, defendants' uncontested Motion to Dismiss (#72) should be allowed for the reasons set forth in defendant's Memorandum in Support of Motion to Dismiss plaintiff's Amended Complaint (#73).

In summary, those reasons are:

1.)    Plaintiff's claims based on injuries occurring

2 - FINDINGS AND RECOMMENDATION

prior to June 6, 2009, are barred by the statute of limitations.

2. Plaintiff apparently seeks to hold several defendants liable on a theory of *respondeat superior* which is not a proper basis for liability under 42 U.S.C. § 1983.

3. Plaintiff is not a proper class representative and cannot represent others before this court. Therefore plaintiff's purported "class action" is improper.

4. Plaintiff's complaint fails to comply with the minimal pleading requirements of the Federal Rules.

5. Plaintiff has failed to allege the essential elements of several of his causes of action.

6. Plaintiff has an adequate post-deprivation remedy for his property rights claims under the Oregon Tort Claims Act. Therefore, those claims are not cognizable under 42 U.S.C. § 1983.

7. Plaintiff's segregation and retaliation claim was previously dismissed by this court in <u>Pergande v. Wood</u>, District of Oregon case 6:10-cv-00690-TC, and is barred by the doctrine of *res judicata* or issue preclusion.

In addition, pursuant to the court's order (#77) this proceeding should be dismissed for failure to prosecute.

The Clerk of Court should enter a judgment dismissing this action with prejudice.

3 - FINDINGS AND RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.***

DATED this 28 day of February, 2013.

Thomas M. Coffin
United States Magistrate Judge